IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER E. SANDERS, | : | |
| | : | 1:09-cv-1851 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| TRIANGLE PRINTING COMPANY, | : | |
| INCORPORATED, | : | |
| Defendant. | : | |

# **MEMORANDUM**

## **October 28, 2010**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 22), filed on October 6, 2010, which recommends that the Motion for Summary Judgment (Doc. 13) of Defendant Triangle Printing Company Incorporated ("Defendant" or "Triangle") be granted and that this case be closed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by October 25, 2010.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Plaintiff Roger E. Sanders ("Plaintiff" or "Sanders") brings this action against Defendant, his former employer, alleging that Triangle violated the Age Discrimination in Employment Act ("ADEA") when it terminated him in 2009 at the age of 57, after nearly 17 years of service with the company. Triangle alleges

2

that the Plaintiff's termination was not due to age discrimination, but rather was caused by a decline in business and because Plaintiff was equipped with a more limited skill set than another, younger employee of the company. Triangle argues that the younger employee was capable of running a number of different printing machines and thus was more flexible and able to adapt to a variety of tasks.

As correctly explained by Magistrate Judge Carlson, the ADEA "prohibits employers from discriminating against individuals in hiring, discharge, compensation, terms, conditions or privileges of employment on the basis of their age." *Duffy v. Paper Magic Group, Inc.*, 265 F. 3d 163, 167 (3d Cir. 2001)(citing 29 U.S.C. § 623(a)(1)). The parties burdens for establishing and defending claims brought pursuant to the ADEA are governed by the procedure set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The familiar burden-shifting *McDonnell Douglas* framework is as follows: First, a plaintiff must produce evidence sufficient enough to convince a reasonable factfinder that all of the elements of a *prima facie* case exist.[2] If plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant,

---

[2] A *prima facie* case for age discrimination is as follows: (1) the plaintiff is 40 years old or older at the time of the alleged discriminatory action; (2) the defendant took an adverse employment action against the plaintiff; (3) the plaintiff is qualified for the position in question; and (4) the plaintiff was replaced by another employee who was sufficiently younger so as to support an inference of discriminatory animus. *Smith v. City of Allentown*, 589 F. 3d 684, 689 (3d Cir. 2009).

who must then offer evidence that is sufficient, if believed, to support a finding that the defendant had a legitimate, nondiscriminatory reason for the adverse employment decision. If a defendant satisfies this burden, a plaintiff can survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Torre v. Casio*, 42 F. 3d 825, 830 (3d Cir. 1994).

Magistrate Judge Carlson, after appropriately applying the *McDonnell Douglas* framework to this case, recommends that summary judgment be granted in favor of the Defendant. Magistrate Judge Carlson first notes that Defendant conceded Plaintiff made out a *prima facie* case. However, Magistrate Judge Carlson concludes, and we agree, that the Defendant has submitted ample evidence that the reason for Plaintiff's discharge was legitimate and non-discriminatory. Finally, Magistrate Judge Carlson finds that Plaintiff has failed to present evidence that discredits the Defendant's proffered reasons, or suggests that discriminatory animus was more than likely a determinative factor in the employment decision.

As we have already mentioned, neither Defendant nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.